**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CHRISTIAN AZAEL ALVAREZ GARCIA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-00165-JD |
| | ) | |
| ROBERT CERNA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## <u>ORDER</u>

Before the Court are the Petition for Writ of Habeas Corpus under 28 U.S.C.

§ 2241 filed by Christian Azael Alvarez Garcia ("Petitioner"), [Doc. No. 1], and the

Report and Recommendation ("R. & R.") of United States Magistrate Judge Chris M.

Stephens, [Doc. No. 19], recommending that the Petition be granted in part. Respondents

filed a response to the Petition, [Doc. No. 18], as well as timely objections to the R. & R.,

[Doc. No. 20]. Petitioner also filed an Emergency Motion for Temporary Restraining

Order, [Doc. No. 4], to which Respondents filed a Response, [Doc. No. 13], and

Petitioner replied in turn, [Doc. No. 17]. For the following reasons, the Court REJECTS

the R. & R., DISMISSES the Petition without prejudice for lack of jurisdiction, and

DENIES the Emergency Motion for Temporary Restraining Order as moot.

## I.    <u>LEGAL STANDARDS</u>

The writ of habeas corpus is available to those held "in custody in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). And

§ 2241(c)(3) generally gives district courts jurisdiction over challenges to the legality of

an alien's detention. *Rasul v. Bush*, 542 U.S. 466, 483 (2004); *see also Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are properly brought directly through habeas.").

When a magistrate judge issues a report and recommendation, the district judge "shall make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). A party "may serve and file specific written objections to the proposed findings and recommendations" after being served with a copy of the magistrate judge's report. Fed. R. Civ. P. 72(b)(2); *see also* [Doc. No. 19] (setting a seven-day deadline for objections). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). That the district judge performs a "de novo determination" does not mandate additional or repeat evidentiary hearings. *United States v. Raddatz*, 447 U.S. 667, 674 (1980).

## II.    ANALYSIS

Judge Stephens issued the R. & R. recommending in relevant part that Respondents be ordered to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days "or otherwise release him if he does not have a lawful bond hearing within that period." [Doc. No. 19 at 24–25].[1] The Court reviews de novo those portions of the R. & R. to which Respondents have objected. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

---

[1] The Court uses page numbering from the top of the CM/ECF stamp on the district court docket.

The federal habeas statutes require the applicant to identify the person who has physical custody over him. An application for a writ of habeas corpus "shall allege . . . the name of the person who has custody over him." 28 U.S.C. § 2242. The writ, in turn, "shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243. Those provisions fix as the proper respondent "'the person' with the ability to produce the prisoner's body before the habeas court," and ordinarily this is "the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (quoting 28 U.S.C. § 2243); *see also* [Doc. No. 18 at 3]; [Doc. No. 20 at 2–4].

The R. & R. did not examine this specific failure. Instead, the R. & R. concluded that the Petition's inclusion of the Secretary of Homeland Security and the Attorney General was sufficient. [Doc. No. 19 at 6–8]. It reasoned that because these federal officials have "legal authority to effectuate any order" this Court might enter, the Petition therefore names proper respondents as a matter of law. *Id.* at 7–8 (citation omitted). In so reasoning, the R. & R. leaned on a footnote in *Padilla* wherein the Supreme Court continued to reserve "the question whether the Attorney General is a proper respondent to a habeas petition filed by an alien detained pending deportation." 542 U.S. at 435 n.8. And from that reservation the R. & R. reasoned that the rule does not govern here, and that supervisory federal officials will suffice. [Doc. No. 19 at 6–7].

That reasoning misreads what *Padilla* contemplated. In that case, the Petitioner *did* name his immediate physical custodian—the commander of the naval brig in which he was confined. 542 U.S. at 432. He also named the Secretary of Defense and the

3

President. *Id.* The question was whether jurisdiction over those higher-level legal custodians in the Southern District of New York could overcome the absence of jurisdiction over the named brig commander in South Carolina. *Id.* at 445–47. The Supreme Court held it could not. *Id.* at 442. *Padilla* thus addressed whether the presence of legal custodians could compensate for a defect of jurisdiction over a *named* physical custodian. *Padilla* (and its footnoted reservation) did not contemplate a petition in which *no* physical custodian is named at all, in direct contravention of the habeas statutes.

And that is what happened here. During the time the Petition was filed, Petitioner was held by ICE at the Garvin County Jail—presumably, the person with physical custody over him at that time was some identifiable sheriff or officer-in-charge. [Doc. No. 13-1 at 1–2]. Petitioner did not name that person. The next day, on February 2, 2026, Petitioner was transferred to the Bluebonnet Detention Facility in Anson, Texas, which is in the Northern District of Texas. *Id.* at 2; *see also* [Doc. Nos. 12, 12-1]. Presumably, the person with physical custody over him there is the identifiable warden of that facility. But Petitioner did not name that person either.[2]

This defect is not some short-term or transient oversight. More than two months have elapsed since Petitioner's transfer to the Bluebonnet facility. In that time Petitioner has not moved under any applicable procedural rule to amend the Petition or otherwise add any physical custodian. The parties filed briefs, Judge Stephens issued a R. & R.,

---

[2] Petitioner's counseled pleadings are not entitled to the liberal construction afforded pro se filings. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments . . . .").

Respondents filed objections, and the matter has become ripe—all without any effort by Petitioner to cure the statutory defect that Respondents flagged at the outset. [Doc. No. 13 at 3]. On this record, Petitioner has disclaimed any intent to cure the defect. He has not invoked this Court's habeas jurisdiction. 28 U.S.C. §§ 2242, 2243; *Padilla*, 542 U.S. at 434–35. The Petition must be dismissed for lack of jurisdiction.

## III.    CONCLUSION

For these reasons, the Court (1) REJECTS the Report and Recommendation, [Doc. No. 19]; (2) DISMISSES the Petition for Writ of Habeas Corpus, [Doc. No. 1], without prejudice for lack of jurisdiction; and (3) DENIES Petitioner's Emergency Motion for Temporary Restraining Order, [Doc. No. 4], as moot. A separate judgment will follow.

IT IS SO ORDERED this 15th day of April 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE